# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KIMBER LAPPIN, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:24-00052-TFM-N <br> ) |
| BOSARGE MOBILE HOME SALES, LLC, *and* <br> CHAMPION HOME BUILDERS, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Upon due consideration, the "Motion to Compel Plaintiff's Responses to Discovery, and Motion to Extend Dispositive Motion Deadline" filed January 3, 2025, by Defendant Champion Home Builders, Inc. ("Champion") (Doc# 39), and the "Motion to Extend Discovery Deadline" filed by the Plaintiff the same day (Doc# 40), are both **DENIED** for the reasons explained below.[1]

The scheduling order entered in this case under Federal Rule of Civil Procedure 16(b) (Doc# 28, *as modified by* Doc# 37) specified that "[a]ll discovery must be completed no later than **DECEMBER 16, 2024**." (Doc# 28 § 4, PageID.97). *See also* Fed. R. Civ. P. 16(b)(3)(A) (stating that a Rule 16(b) "must limit the time to…complete discovery"). "Completed" was expressly defined to mean, among other things, that "all interrogatories, requests for admission, requests for production, requests for entry onto property, and subpoenas have been served and responded to," and that "motions to

---

[1] The assigned District Judge has referred said motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/3/2025 electronic reference notations).

compel [are] timely filed and served to give adequate time for the Court to consider them." (Doc# 28 § 4, PageID.97-98). The scheduling order further emphasized that "**[i]n no event shall…a [discovery] motion be filed after the close of discovery unless good cause is shown under Fed. R. Civ. P. 16(b)(4).**" (*Id.* § 10(b), PageID.102).

A scheduling order entered under Rule 16(b) "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the scheduling order informed the parties (see Doc# 28 § 14, PageID.105-106), "[t]his good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quotation omitted). *Accord, e.g.*, *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause [under Rule 16(b)(4)], the party seeking the extension must have been diligent."). When a motion is filed after the deadline for such a motion established in the scheduling order, the movant "must first demonstrate good cause under Rule 16(b)" before the Court can consider the merits of the motion. *Sosa*, 133 F.3d at 1419.

Neither of the present motions shows that its respective movant has been diligently pursuing discovery in this action. The scheduling order setting the December 16, 2024 discovery cutoff for this action—a deadline the parties agreed to in the report of their Federal Rule of Civil Procedure 26(f) planning meeting (*see* Doc# 20, PageID.83)—was entered on June 6, 2024. Despite being well aware that the parties only had about 6 months from that date to complete discovery, the Plaintiff admits in her motion that she did not serve her discovery requests on the Defendants until November 26, 2024 (*see* Doc# 40 ¶ 1, PageID.147)—less than 30 days before the

2

discovery cutoff, despite the scheduling order permitted parties 30 days to respond to discovery requests (*see* Doc# 28 § 9, PageID.99-100). The Plaintiff has simply failed to offer any explanation why she waited so late in the discovery process to serve her discovery requests on the Defendants. Thus, she has not shown why she was unable to meet the current discovery cutoff deadline even with diligence.

For its part, Champion admits it served its First Requests for Production to the Plaintiff on November 15, 2024 (*see* Doc# 39 ¶2, PageID.132), which meant responses were due on Monday, December 16, 2024, the deadline for discovery completion. *See* Fed. R. Civ. P. 6(a)(1)(C). Like the Plaintiff, Champion has failed to offer any explanation why it waited so late in the discovery process to serve its discovery requests. Champion further shows its lack of diligence by admitting it waited until December 19, 2024—three days after the discovery cutoff—to communicate with the Plaintiff's counsel about his failure to produce responses, and by not filing its present motion to compel until 18 days after the discovery cutoff. And because Champion has failed to show good cause for seeking its sought discovery after the cutoff, it has also not shown good cause for extending the January 15, 2025 deadline for dispositive pretrial motions.

**DONE** and **ORDERED** this the 8th day of **January 2025**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**